In the Matter of the Petition of BENJAMIN BRONOWITZ, as Executor, etc., of HENRY DOBKIN, Deceased, for a Discovery Order.

MILDRED A. LOEWENSTEIN, Appellant; BENJAMIN BRONOWITZ, as Executor, etc., of HENRY DOBKIN, Deceased, Respondent, and Another.

First Department, June 20, 1935.

*Eli Kriger*, for the appellant.

*Abraham Aronstein* of counsel [*Joseph J. Fischer*, attorney], for the respondent.

McAvoy, J. The executor commenced discovery proceedings against Bessie Dobkin, widow of deceased, and her daughter, Mildred A. Loewenstein, pursuant to sections 205 and 206 of the Surrogate's Court Act, and obtained an order to show cause why they should not deliver the property, consisting of the books, papers and documents pertaining to the insurance business of Henry Dobkin, deceased. Respondents to the petition in the Surrogate's Court joined in an answer claiming that the title to the property was in Mildred A. Loewenstein, by virtue of a gift from the decedent for the benefit of his widow. The issues raised by the pleadings were submitted to a jury, which returned a verdict in favor of petitioner on the question submitted to it, and the surrogate directed a general verdict in favor of the executor that the property belongs to the executor. Thereupon an interlocutory decree, dated May 13, 1932, was entered, adjudging that the property described in the petition and answer was, at the time of the death of Henry Dobkin, the property of the decedent and that the executor was the owner thereof, and directing that Bessie Dobkin and Mildred A. Loewenstein deliver to the executor the books, papers and documents pertaining to the insurance business. It also ordered Bessie Dobkin and Mildred A. Loewenstein to appear before the surrogate, without a jury, on June 1, 1932, to be examined with respect to any moneys or any other property or funds in their possession belonging to the estate.

During the hearings pursuant to this decree, and in open court, the property was turned over to the executor. At the conclusion, a decision was rendered which held that Mildred A. Loewenstein is liable to the estate in the sum of $83.14 for commissions received during the ninety-day period after the death of the decedent and retained by her, with interest, and for the further sum of $400 for damages for the retention of the property involved. The decision allowed no interest on the damage item, directed that costs be taxed, and that the final decree be settled on notice.

On August 13, 1932, the executor's proposed decree, and Mildred A. Loewenstein's proposed decree were submitted to the surrogate. On October 14, 1932, the decree submitted by Mildred A. Loewenstein was signed substantially as submitted and was duly entered.

The executor thereafter had a transcript of the decree docketed on December 7, 1932, and caused an execution to issue thereon on

the same day. The decree was served on Mildred A. Loewenstein on December 13, 1932.

The execution was returned unsatisfied. The executor, on January 17, 1933, instituted contempt proceedings for failure to pay the sum awarded by the final decree. The appellant contended that the final decree was in the nature of a money judgment and did not contain any direction that she should pay the amount provided therein, and, therefore, it could not be the basis for contempt proceedings. The motion was denied without prejudice, and the surrogate suggested a resettlement of the final decree on the ground of clerical error.

The executor then made the motion to resettle so as to include a direction to pay, and the motion was granted. Mildred Loewenstein appeals from the order entered on that motion.

The wording of the original decision of the surrogate merely determined the liability of Mildred Loewenstein and the amount. There was no statement that the decree contain any specific direction whatsoever. Nor is there even an inference or implication that a decree enforcible by contempt should be entered. The course of conduct of the executor indicates that he acquiesced in, accepted, acted on and ratified the final decree. The executor says that he did not seek an amendment of the decree, in order to extend his time to appeal, but acted " solely for the purpose of correcting in the interest of justice, the decree which through inadvertence was signed by the Surrogate."

The change made by the order of resettlement is vital, substantial and material, and affects the rights of Mildred A. Loewenstein, and the court had no power to grant the motion.

The motion was not to open, vacate or set aside the final decree, and there is no question of fraud or newly-discovered evidence; nor was there a " clerical error, or other sufficient cause " within the meaning of section 20, subdivision 6, of the Surrogate's Court Act.

The order of settlement should be reversed, with twenty dollars costs and disbursements to the appellant, payable out of the estate, and the executor's motion for resettlement should be denied.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements payable out of the estate, the executor's motion for resettlement denied, and proceeding remitted to the surrogate of the county of New York for further action in accordance with opinion.